May Term, 1846.

BOYD
v.
BYRD.

---

BOYD *v.* BYRD.

8b 113
128 485

A father can maintain a suit for the seduction of his unmarried daughter under twenty-one years of age, though, previously to the seduction, she had left her father's house with his consent without intending to return, and with his license to appropriate her time and services to her own use.

ERROR to the *Wayne* Circuit Court.

Tuesday, June 23.

DEWEY, J.—This was an action for the seduction of the daughter and servant of the plaintiff, *per quod*, &c. Plea not guilty. Verdict and judgment for the plaintiff.

The Court instructed the jury that the defendant was liable in this action, if he seduced the daughter of the plaintiff while she was under twenty-one years of age, though she was residing with the defendant at the time, and though she had, one year previously, left her father's house with no intention of returning, with his consent to her departure, and his license that she might appropriate her time and services to her own use.

The circumstances contemplated in this charge would not

VOL. VIII.—15

May Term,
1846.

BOYD
v.
BYRD.

probably be sufficient, according to the *English* decisions, to enable the plaintiff to recover. This anomalous action is founded on the supposed relation of master and servant between the father and daughter, though its real object is very different from the redress of an injury arising from the loss of the daughter's services. In the *English* cases, some slight act of service by the daughter for the father, has generally been required, but not always. In the case of *Maunder* v. *Venn*, 1 M. & M. 323, *Littledale*, J., said "that proof of any acts of service was unnecessary: it was sufficient that the daughter was living with her father, forming part of his family. The right to the service is sufficient." And the reason alleged was, that if the law were otherwise, "no action could be maintained for this injury by a father in the higher ranks of life, where no actual services by the daughter are usual." So, also, in *Holloway* ν. *Abell*, 7 C. & P. 528, proof of actual service on the part of the daughter was dispensed with. But no *English* case, so far as we know, has gone the length of supporting the action, where the daughter, having left her father, was subsequently seduced. Several of the *American* Courts, however, taking a more liberal view of this remedy, have decided that the action may be maintained, if the unmarried daughter, at the time of her seduction, was under the age of twenty-one years, though her father had relinquished all claim to her services, and she was in the employment of another person. The reasons assigned for these decisions are, that until the majority of the daughter, the relation of master and servant must be supposed to exist between her father and her, inasmuch as he has the legal right to control her conduct, is bound for her support, and may, at any time, revoke his leave of absence, and reclaim her services. *Martin* v. *Payne*, 9 Johns. 387.—*Nickleson* v. *Stryker*, 10 Johns. 115.—*Hornketh* v. *Barr*, 8 Serg. & Rawle, 36.— *Vanhorn* v. *Freeman*, 1 Halst. 322. We are disposed to adopt the principle established by these decisions. If it be proper to substitute a constructive for an actual service, to enable the wealthy parent, whose daughter resides with him, to maintain this action when the honour and happiness of his family are assailed by the seducer, it is no less proper that the same substitution should be allowed in favour of the less

fortunate father, whose circumstances require the absence of his child from the parental roof, in order to enable him by the same means to protect himself and family from the same misfortune. We are therefore of opinion that the charge to the jury was correct.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*C. H. Test,* for the plaintiff.

*J. S. Newman,* for the defendant.