Louisville, New Albany and Chicago R'y Co. *v.* Goodykoontz, Guardian.

No. 13,659.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* GOODYKOONTZ, GUARDIAN.

INFANT.— *Wrongful Death of.—Damages.—Right of Action.—Guardian.—Parent.*—A guardian has no right of action for the wrongful death of his infant ward, except to reimburse the ward's estate for expenditures which he has been required to make for care and medical attendance and funeral expenses, the right of action for general damages for loss of services, etc., being in the father or mother. Section 266, R. S. 1881.

From the Marion Superior Court.

*G. W. Easley, T. L. Sullivan, A. Q. Jones, G. W. Friedley* and *G. R. Eldridge,* for appellant.

*L. Ritter* and *E. F. Ritter,* for appellee.

MITCHELL, J.—Goodykoontz, as guardian, complains of the appellant railroad company, and charges that the death of his ward, George Lowery, a minor under the age of twenty-one years, was instantaneously caused by the negligence and wrongful conduct of the company. The only averment upon the subject of damages is, that the ward left surviving him " a mother and sister, and next of kin, competent to share in the distribution of the personal estate of said deceased, to whom damages enure," and that by reason of the injury and death the ward's estate has been damaged in the sum of ten thousand dollars.

There was a special verdict, and a judgment for $2,500.

It is conceded that the action was brought under section 266, R. S. 1881, which reads as follows : " A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward. But when the action is brought by the guardian for an in-

jury to his ward, the damages shall enure to the benefit of his ward."

It was a settled rule of the common law that no one could maintain a civil action for damages on account of the death of a human being. All claims for injuries to the person were extinguished by the death of the person injured. *Actio personalis moritur cum persona.* If a child was wrongfully injured, the father, or person lawfully entitled to the child's services, might recover for the loss of services during the period of disability up to the time of death, if death resulted. Incidental damages for nursing, surgical and medical attendance, including appropriate funeral expenses in case of death, were also recoverable by a parent.

The statute above set out has added to the common law remedy of a parent the right to recover all the probable pecuniary loss resulting from the death of a child. The right of action is primarily in the father, but contingently in the mother ; and, whether there be a guardian or not, the father, or, under certain contingencies, the mother, may maintain an action under the above section. In estimating the damages, the value of the child's services from the date of the injury until he would have attained his majority, including the cost of nursing, medical and surgical attendance occasioned by the injury, together with necessary funeral expenses if death resulted, are to be considered. *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252 ; *Mayhew* v. *Burns*, 103 Ind. 328 ; *Rains* v. *St. Louis, etc., R. W. Co.*, 71 Mo. 164 ; *McGovern* v. *New York, etc., R. R. Co.*, 67 N. Y. 417 ; 2 Thomp. Neg. 1292 ; 2 Wait Ac. and Def. 477 ; Shearman and Redf. Neg. (3d ed.), sec. 608.

The foregoing are the elements which enter into and presumably comprise the sum of the pecuniary loss sustained by a parent in case of the injury or death of his child, and whether the child was under guardianship or not, the right of action to recover this pecuniary loss is in the parent to whom the child owed service, and from whom he was en-

titled to receive support.  While either the father or mother is alive, unless they have relinquished their right, respectively, to the services of the child by emancipation or otherwise, and have abdicated their duty to furnish him support, no one else is entitled to maintain an action for the loss of his services during minority, because the injury is to the person entitled to the child's services, and not to the minor's estate.  *Walters* v. *Chicago, etc., R. R. Co.*, 36 Iowa, 458; Cooley Torts, p. 314 *et seq.*

If a minor under guardianship sustains an injury to his person from the wrongful conduct of another, his guardian may maintain an action and recover for the benefit of the ward, precisely as the latter might have recovered through the intervention of a *prochein ami*, in case he had not been under guardianship.  This is so whether the ward's father or mother be living or not.  The pain and suffering endured, and the permanent injury resulting from the wounding or maiming of a minor, are personal to himself, and damages for such pain and injuries are always recoverable for his benefit.  We know of no principle or precedent which sustains a recovery of damages for the death of a human being, no matter how caused, simply for the purpose of enhancing the value of the decedent's estate.  The action is given to afford compensation for those who have sustained pecuniary loss by the death, and not for the benefit of the decedent's estate.  Doubtless, a guardian who has been required to make expenditures for care and medical attendance or for funeral expenses, out of his ward's personal property, may maintain an action against a wrongdoer to reimburse the estate, but surely he can not recover general damages for the death of the ward for the benefit of his estate, no matter who inherit as his heirs.  Damages can not be recovered for the death of a human being, except by or for the benefit of those who are supposed to have sustained a sensible and appreciable pecuniary loss therefrom.  Pecuniary loss, not to

the estate of the deceased person, but to those who had a reasonable expectation of pecuniary benefit, as of right, or of duty, or from a recognized sense of obligation, from the continuance of the life, is the foundation of the action. *Franklin* v. *South Eastern R. W. Co.*, 3 H. & N. 211; *Dalton* v. *South Eastern R. W. Co.*, 4 C. B. N. S. 296; *Pennsylvania R. R. Co.* v. *Adams*, 55 Pa. St. 499; *Mayhew* v. *Burns, supra; North Pennsylvania R. R. Co.* v. *Kirk*, 90 Pa. St. 15. It is the injury to the survivors entitled to sue, and not the value of the life lost, that forms the basis of damages. *Pennsylvania R. R. Co.* v. *Zebe*, 33 Pa. St. 318.

Under section 266, only persons having a reasonable expectation of pecuniary benefit, as of right, duty or obligation, in some sense, from the continuance of the life, are entitled to maintain the action, unless possibly under exceptional circumstances, clearly showing appreciable pecuniary loss. Section 284, which gives a right of action to the personal representatives for the exclusive benefit of the widow and children, or next of kin, is entirely disconnected from section 266, and exerts no sort of influence upon the construction of, or rights conferred under, the latter section. *Mayhew* v. *Burns, supra.* The two are not to be confused or confounded with each other, but each is to be construed independently of the other.

Where the death of a minor has been wrongfully caused, the parent may maintain an action to recover the probable pecuniary loss sustained. The guardian, if there be one, may, no action having been brought by the parent, maintain an action to reimburse the personal estate of the ward for any actual loss. Section 266. If the death of any one is caused in like manner, an action may be maintained by his personal representatives, provided the person whose death has been caused left a wife or children, or next of kin, who had any appreciable pecuniary interest in the continuance of his life. Section 284; *Mayhew* v. *Burns, supra,* and cases cited.

It appears from the complaint in the present case, that the ward whose death gave rise to the action was a minor, and that his mother was alive at the time the suit was commenced. Presumably she was, and is yet, unless barred by lapse of time, entitled to maintain an action to recover for the loss of her son's services.   Death was instantaneous, and it does not appear that the guardian paid anything out of the ward's personal estate for funeral expenses.   Hence the complaint shows no right of action in the guardian.

The judgment is therefore reversed, with costs.

