No. 15,064.

## BERRY, ADMINISTRATOR, *v.* THE LOUISVILLE, EVANSVILLE AND ST. LOUIS RAILROAD COMPANY.

PARENT AND CHILD.—*Minor Child.*—*Negligent Killing of.*—*Action by Father as Administrator.*— *When not Maintainable.*— *Emancipation of Child.*—A father can not maintain an action as administrator of his deceased minor son to recover damages for the alleged negligent killing of his intestate unless there has been an emancipation of the infant. An averment in the complaint that at the time of his death said decedent was not, and for two months theretofore had not been, in the service of his parents, or either of them, is not sufficient to show such an emancipation.

From the Dubois Circuit Court.

*W. R. Gardiner, S. H. Taylor* and *J. F. Tieman,* for appellant.

— *Brown,* — *Humphrey* and — *Davie,* for appellee.

McBRIDE, J.—This was a suit by the appellant, John Berry, as administrator of his deceased minor son, Henry E. Berry, to recover damages for the alleged negligent killing of his intestate.

The only question discussed by counsel on either side, is as to appellant's right to maintain the action, he insisting that while he might have sued as parent of the decedent, under section 266, R. S. 1881, he had a right to elect between the remedy given by that section and that given by section 284, R. S. 1881. It is averred in the complaint that the deceased was eighteen years of age, and left surviving him both father and mother, but that for two months before and at the time of his death he was not in the service of his parents, or of either of them. Appellant contends that if his right to maintain the action was otherwise doubtful, these averments show an emancipation of the decedent, and that after emancipation his relation to his parents was not different from that of an adult son. It is well settled that under section 266 a parent may maintain an action for injuries re-

sulting in the death of his minor child. *Mayhew* v. *Burns*, 103 Ind. 328; *Louisville, etc., R. W. Co.* v. *Goodykoontz*, 119 Ind. 111; *Ohio, etc., R. R. Co.* v. *Tindall*, 13 Ind. 366; *Pittsburgh, etc., R. W. Co.* v. *Vining*, 27 Ind. 513.

It is also decided by these cases that the two sections, 266 and 284, are to be construed together, the former being applicable to the cases of infants, and the latter to those of adults, and infants whose parents have relinquished their right to the services of the child by emancipation, or otherwise.

It is insisted that the latter proposition, relating to infants, which it is asserted in each of these cases was not necessary to the decision of the cases, and is *obiter*, and appellee urges, with much earnestness and some plausibility, that a voluntary emancipation by a parent will not affect the question, for the reason that the parent can at any time reclaim the services of the infant. Citing *Boyd* v. *Byrd*, 8 Blackf. 113; *Bolton* v. *Miller*, 6 Ind. 262; *Clark* v. *Fitch*, 2 Wendell, 459; *Stovall* v. *Johnson*, 17 Ala. 14.

We are, however, not required to pass upon this question. The only averment in the complaint which the appellant assumes shows an emancipation, is substantially as above stated, that at the time of his death said decedent was not, and for two months theretofore had not been, in the service of his parents, or of either of them. This is not sufficient to show an emancipation.

Upon the remaining proposition the cases above cited determine the controversy adversely to the appellant. While the logic of these cases may be subject to some criticism, and the construction given by them to the two sections of the statute not altogether satisfactory, we can not feel that we would be justified in overruling them. The rule, as stated in *Ohio, etc., R. R. Co.* v. *Tindall, supra*, has been acquiesced in and followed for more than thirty years, and while it can not be said to have become a rule of property, public policy forbids that it should be overturned except for very strong

reasons ; and in our opinion there is here no sufficient reason to justify such action.

Judgment affirmed, with costs.

Filed June 18, 1891.