Filed June 6, 1895.

———————◆———————

No. 17,345.

THORNBURG v. THE AMERICAN STRAWBOARD COMPANY.

PARENT AND CHILD.—*No Right of Action in Husband for Wrongful Death of Wife's Bastard Child.—Stepfather.—Damages.*—A man who marries the mother of a bastard child (whether properly called the stepfather of such child or not), and receives the child into his home as a member of the family, can not recover for the death of the child when caused by the wrongful act of another.

SAME.—*Statute Construed.—Stepfather.—Remedy in Derogation of Common Law.*—As section 267, R. S. 1894 (266, R. S. 1881) does not, in terms, give a right of action to a stepfather, he has no such right, for the statute must be strictly construed, as it is in derogation of the common law.

SAME.—*Quære,* Who is the proper party to bring an action for the death of a bastard child?

From the Howard Circuit Court.

*J. F. Elliott* and *W. C. Overton,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

MONKS, J.—Appellant brought this action against appellee, under section 266, R. S. 1881, section 267, R. S. 1894, to recover for the death of Charles O. Tonly, a minor.

This section provides that "A father (or, in case of

his death or desertion of his family or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward."

To this complaint appellee filed a demurrer for want of facts, which was sustained and judgment rendered against appellant.

The only error assigned is that the court erred in sustaining the demurrer to the complaint.

Under this assignment of error the only question for consideration is whether or not a man who marries the mother of a bastard child and receives the child into his home as a member of the family, can recover for the death of the child, when caused by the wrongful act of another.

It is firmly settled that under the foregoing section of the statutes a parent may maintain an action for injuries resulting in the death of his minor child. *Jackson* v. *Pittsburgh, etc., R. W. Co.*, 140 Ind. 241, and cases cited; *Louisville, etc., R. W. Co.* v. *Goodykoontz*, 119 Ind. 111, and cases cited.

It is also settled that section 266 (267), *supra*, and section 284, R. S. 1881 (section 285, R. S. 1894), are to be construed together, the first named section being applicable to cases of minors and the latter to those of adults, and minors whose father and mother have relinquished their right respectively to the services of the child by emancipation or otherwise. *Berry* v. *Louisville, etc., R. W. Co.*, 128 Ind. 484, and cases cited.

Such right to maintain an action for damages on account of the death of a human being is entirely statutory, and before appellant can recover such damages, he must bring himself clearly within the terms of the statute. *Jackson* v. *Pittsburgh, etc., R. W. Co.*, *supra*, and cases cited; *Berry* v. *Louisville, etc., R. W. Co.*, *supra*, and

cases cited; *Louisville, etc., R. W. Co.* v. *Goodykoontz, supra,* and cases cited; Tiffany Death by Wrongful Act, section 116, and cases cited.

It is an old and firmly established rule that a statute in derogation of common law must be strictly construed.

As this court said in *Indianapolis, etc., R. R. Co.* v. *Keely,* 23 Ind. 133, speaking of this class of actions: "As the right to sue is purely a statutory one, and in derogation of common law, the statute must be strictly construed, and the case brought clearly within its provisions, to enable the plaintiff to recover." *Stewart, Admr.,* v. *Terre Haute, ete., R. R. Co.,* 103 Ind. 44.

Such a right of action exists only for the benefit of the person or persons specified in the statute, and when the statute specifies who may bring such actions, only those named can maintain it. If no such persons exist, then no recovery can be had. *Berry* v. *Louisville, etc., R. W. Co., supra; Metcalfe* v. *Steamship Alaska,* 130 U. S. 201; *Western Union Tel. Co.* v. *McGill,* 6 C. C. A. 521, 12 U. S. App. 651, 57 Fed. Rep. 699, and cases cited; *St. Louis, etc., R. W. Co.* v. *Needham,* 3 C. C. A. 129, 10 U. S. App. 339, 52 Fed. Rep. 371.

Section 266 (267), *supra,* does not, in terms, give a right of action to a step-father. As generally understood, the husband of one's mother by a subsequent marriage is a *step*-father; strictly speaking, therefore, a man who marries the mother of a bastard child does not become the step-father of such child. Bouvier Law Dict., title Step-father.

Applying the principles stated to this case, it is clear that appellant can not maintain this action. If it were conceded that he was the step-father of the child named in the complaint, he would not come within the terms of the statute. Indeed, the definition given by Wharton, of the word step-father would be decisive of the question:

"Step-father—The husband of one's mother who is not one's father." Wharton's Law Dict.

The word father, therefore, does not mean step-father, nor does the word child mean step-child, even when the same is used in wills, where the rules of construction are not so strict as those governing the section of the statute in controversy. 11 Am. and Eng. Encyc. of Law, p. 870; 3 Am. and Eng. Encyc. of Law, p. 230; 8 Am. and Eng. Encyc. of Law, p. 1412, note 2; *Sherman* v. *Angel*, 1 Baily Eq. 357, 23 Am. Dec. 166; *Porter* v. *Porter*, 7 How. (Miss.) 106, 40 Am. Dec. 55.

It is not necessary to decide who, if any one, was the proper party to bring this action, whether the mother or an administrator; that question is not before us. What we adjudge is that appellant, whether properly called a step-father or not, can not maintain this action.

There is no error in the record.

Judgment affirmed.

Filed June 4, 1895.