CITIZENS STREET RAILWAY COMPANY *v.* COOPER.

[No. 2,835.    Filed June 6, 1899.]

PARENT AND CHILD.—*Right of Action.*—The right of father or mother to recover damages for the wrongful killing of a child is statutory, and such an action cannot be maintained by a woman, where she is not the mother and has not legally adopted the child, although it was given to her in infancy, and she had ever since maintained and treated it as her own.

From the Marion Superior Court. *Reversed.*

*W. H. Latta* and *Ferdinand Winter*, for appellant.

*George W. Galvin*, for appellee.

WILEY, J.—Appellee sued appellant to recover damages for the alleged negligent killing of a boy fourteen years old. The case was tried by a jury, resulting in a general verdict for appellee, and with the general verdict the jury answered and returned interrogatories. Appellant's motion for judgment on the answers to interrogatories was overruled, and a like motion of appellee was sustained. Appellant's motion for a new trial was also overruled. The complaint was in two paragraphs, and the trial court directed the jury to find for the appellant as to the second paragraph. As no question is presented by the record as to the second paragraph, we need not notice it further. One of the errors assigned is that the court erred in overruling the demurrer to the first paragraph of complaint. We will first review the action of the court in such ruling.

That part of the complaint which shows the relations that existed between appellee and the boy, and her right, if any, to maintain this action for the alleged negligent death of such boy, is as follows: "That on the 9th day of January, 1880, at the city hospital of the city of Indianapolis, an unmarried woman, wholly unknown to this plaintiff, and also to the officers and attendants at such hospital, and whose identity has never been discovered, and the record of whose accouchement has been destroyed by fire, gave birth to a boy child; that immediately after such birth and on the second day of the life of such child, the mother voluntarily and of her own free will, and by and with the consent of the officer and attendants at the said hospital, gave such boy child to this plaintiff, completely and unreservedly, to be her child. That plaintiff then and there received such gift, and assumed, and has ever since held, the relation to such child of mother; that she gave it her name, nursed, reared, and educated him as her own, and he became and was her child to all intents and purposes; that he became and was known as Hiram Cooper; that at great expense she had reared him and given him a good education, and relied wholly upon him for her future comfort and support; that he was completely devoted to her as to a mother, knowing of no other affection, and gave to her all of his earnings; that he had no father." The complaint proceeds to describe the manner in which the boy was killed, and the acts of appellant's servants, which are relied upon as constituting actionable negligence. Without detailing the various acts charged, it is sufficient to say that, if appellee has any right of action at all, the averments in the complaint as to appellant's negligence, and freedom from negligence on her part and the part of the boy, are sufficient to withstand a demurrer for want of facts. If appellee has any right of action it is conferred upon her by statute, for at common law actions for the wrongful or negligent killing of a human being did not survive in favor of any one. We have two

statutory provisions in this State which have changed the common law rule, and which authorize actions to be brought for the wrongful or negligent killing of persons by certain parties therein named. Section 284 Horner 1897 authorizes a suit of this character to be brought by an administrator for the benefit of the widow, children, or next of kin. Section 267 Burns 1894, section 266 Horner 1897, authorizes a father, or, in case of his death, etc., a mother, to bring an action for the injury or death of a child, and a guardian for the injury or death of his ward. It is under this section of the statute, if any, that appellee can maintain this action, and she must maintain it as the mother of the child, or not at all. In her complaint, after describing how its natural mother gave the child to her, when it was only two days old, she avers: "That plaintiff then and there received such gift and assumed and has ever since held the relation to such child as mother; that she gave it her own name, nursed, reared, and educated him as her 'own, and he became and was her child, to all intents and purposes." The fact that the complaint avers that she held the relation to the child as mother cannot stand against the facts averred upon which she assumed such relation, for they show that she was not his mother. There are but two ways in legal contemplation by which a woman can be a mother: (1) By giving birth to a child; and, (2) by adoption under the statute. Human beings are not the subjects of gifts, as chattels personal, and a natural mother or father can not give their child to another, and the relation of mother and child, or of father and child, can not thus be created. Could it be contended with any show of reason, upon the facts charged in the complaint which we have above copied, that if the boy named had survived the appellee he could have inherited from her, under the law of descent, as her son? We think not, and this of itself is a strong argument against appellee's theory that she has a right to recover for his death. That a parent may, under section 266, *supra*, maintain an action for the

injury or death of his minor child, is firmly settled by the authorities. *Jackson* v. *Pittsburgh, etc., R. Co.*, 140 Ind. 241, and cases cited; *Louisville, etc., R. Co.* v. *Goodykoontz*, 119 Ind. 111, and cases cited. But we are not confronted with the question presented by the cases just cited, for there the actions were by the natural parents, and the right of action in such cases is clearly conferred by statute. The question, however, with which we are confronted, has been firmly settled by the Supreme Court. *Thornburg* v. *American Strawboard Co.*, 141 Ind. 443, is in point. Appellant married the mother of a bastard child, and upon such marriage he took said child into his home as a member of his family. The child was killed through the alleged negligence of appellee, and appellant prosecuted an action to recover damages for such death. In construing the statute in connection with the rights of the parties therein named, Monks, J., said: "Such right to maintain an action for damages on account of the death of a human being is entirely statutory, and before appellant can recover such damages, he must bring himself clearly within the terms of the statute. *Jackson* v. *Pittsburgh, etc., R. Co.*, *supra*, and cases cited; *Berry* v. *Louisville, etc., R. Co.*, 128 Ind. 484, and cases cited; *Louisville, etc., R. Co.* v. *Goodykoontz*, *supra*, and cases cited; Tiffany Death by Wrongful Act, section 116, and cases cited. It is an old and firmly established rule that a statute in derogation of common law must be strictly construed. As this court said in *Indianapolis, etc., R. Co.* v. *Keely*, 23 Ind. 133, speaking of this class of actions: 'As the right to sue is purely a statutory one, and in derogation of common law, the statute must be strictly construed, and the case brought clearly within its provisions, to enable the plaintiff to recover.' *Stewart, Adm.*, v. *Terre Haute, etc., R. Co.*, 103 Ind. 44. Such a right of action exists only for the benefit of the person or persons specified in the statute, and when the statute specifies who may bring such actions, only those named can maintain it. If no such

persons exist, then no recovery can be had. *Berry* v. *Louisville, etc., R. Co., supra; Metcalfe* v. *Steamship Alaska,* 130 U. S. 201; *Western Union Tel. Co.* v. *McGill,* 6 C. C. A. 521, 12 U. S. App. 651, 57 Fed. 699, and cases cited; *St. Louis, etc., R. Co.* v. *Needham,* 3 C. C. A. 129, 10 U. S. App. 339, 52 Fed. 371." *Thornburg* v. *American Strawboard Co.,* 141 Ind. 443, 444, 445. Again the court said: "Section 267 (266) *supra,* does not, in terms, give a right of action to a step-father. As generally understood, the husband of one's mother by a subsequent marriage is a step-father; strictly speaking, therefore, a man who marries the mother of a bastard child does not become the step-father of such child. \* \* \* Applying the principles stated to this case, it is clear that appellant cannot maintain this action. If it were conceded that he was the step-father of the child named in the complaint, he would not come within the terms of the statute. Indeed, the definition given by Wharton, of the word 'step-father' would be decisive of the question: 'Step-father—The husband of one's mother who is not one's father.' The word father, therefore, does not mean step-father, nor does the word child mean step-child, even when the same is used in wills, where the rules of construction are not so strict as those governing the section of the statute in controversy,"—citing many authorities.

The case of *McDonald* v. *Pittsburgh, etc., R. Co.,* 144 Ind. 459, 32 L. R. A. 309, is so strongly in point that a somewhat extended reference to it will be profitable. Appellant there prosecuted his action to recover for the death of his minor child. Appellee answered, averring, in substance, that the deceased was a bastard, begotten and born out of wedlock, and that appellant never married the mother of the deceased child, and never adopted him by order of any court. To this answer appellant replied admitting the truth of the averments in the answer, but averred that when the child was six months old he received him from his mother, and relieved her of his care and custody, and acknowledged him

as his own son, and afterwards discharged every duty as a parent towards him, and received from him all the services, obedience, and respect due from a legitimate son; that his mother abandoned him, and was dead; and that the deceased had no guardian or next of kin. A demurrer to this reply was sustained by the trial court, and in discussing the question involved, the court, by Monks, J., said: "As the right to recover damages for the death of a human being is purely statutory, the statute must be strictly construed, and before appellant can recover he must bring himself clearly within its terms. When the statute specifies who may bring such action, only those persons named can maintain it. If no such person exists, then no recovery can be had. At common law a bastard had no father, and was considered the son of nobody, he was sometimes called *filius nullius* and sometimes *filius populi.* * * * We think it clear, both upon principle and the authorities cited, that the father of an illegitimate child cannot recover damages for the death of such child under the provisions of section 267 Burns 1894, section 266 Horner 1897." *McDonald* v. *Pittsburgh, etc., R. Co.*, 144 Ind. 459, 460, 462, 32 L. R. A. 309. In Blackstone's Commentaries, 459, it is said: "A bastard can not be heir to any one, neither can he have heirs; for being *nullius filius*, he is therefore of kin to nobody, and has no ancestor from whom any inheritable blood can be derived."

In Missouri there is a statute providing who may sue and recover for the death of a minor, and that part of it applicable here is as follows: "Third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, * * * then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or if either of them be dead, then by the survivor." Section 4425 R. S. 1889, Missouri.

In the case of *Marshall* v. *Wabash R. Co.*, (Mo.), 25 S. W. 179, the Supreme Court held that the father of an illegitimate child did not come within the meaning of the

statute and could not maintain such action. In Pennsylvania a statute gives a right of action for injury causing death to the "husband, widow, children, or parents of the deceased, and no other relative." Construing that statute, the Supreme Court held that such action could not be maintained for the death of an illegitimate child. *Harkins* v. *Philadelpia, etc., R. Co.*, 15 Phila. 286.

The case of *Citizens Street R. Co.* v. *Willoeby*, 15 Ind. App. 312, is also in point. There the appellee sued appellant to recover damages for the alleged negligent injury of a boy who was a minor, and was referred to in the complaint as "the adopted son of the plaintiff." The complaint averred that appellee, by reason of such injury, had been compelled to expend large sums of money for medical and surgical services, for attendance, etc.; that she had been deprived of his services; that such injury was permanent, and that she would thus be deprived of his services to the time of his majority. It was held that the complaint did not aver facts showing that appellee was entitled to the services of the boy, and that both the evidence and facts specially found did not disclose any right of appellee to such services. Upon the record it was held that appellee could not recover.

In the case before us, under the authorities, neither the mother nor father of the child, if living, could maintain this action, and this rule rests upon the doctrine that in law a bastard is *nullius filius*, and as Blackstone says, "has no ancestor." The appellee, as shown by her complaint, is not the mother of the deceased. The averment in the complaint that she "held the relation to such child of mother," does not, in contemplation of law, constitute such relation, when we consider the other averments in the complaint, which clearly show that she was not the mother of the child, and that she had no legal right to his services. The first paragraph of complaint wholly fails to state facts sufficient to constitute a cause of action in appellee, for, as we have seen, such right

of action is only given by statute, and the allegations of her complaint do not bring her within either the letter or spirit of the statute. The complaint affirmatively shows that appellee does not stand in *loco parentis* to the child. We cannot enlarge or extend the provisions of the statute by construction, for, as we have seen, the statute, being in derogation of the common law, it must be strictly construed. Its provisions can not be extended to include any persons except those who are designated by it. The first paragraph of complaint being fatally defective, the court erred in overruling the demurrer to it. This conclusion makes it unnecessary for us to consider the other questions presented by the record. For the error in overruling the demurrer to the first paragraph of complaint, the judgment is reversed, and the court below is directed to sustain such demurrer.