## ELLIOTT ET AL. v. THE BRAZIL BLOCK COAL COMPANY.

[No. 3,286.   Filed November 27, 1900.]

ACTION.—*Limitation.—Death by Wrongful Act.—Statutes In Pari Materia.*—All statutes of the State on the subject of death by wrongful act are *in pari materia*, and must be construed together, and when so construed the provision of §285 Burns 1894 limiting the time within which an action may be brought for death by wrongful act to two years applies to §7473 Burns 1894, known as the coal mining act. *pp. 593–596.*

LIMITATION OF ACTIONS.—*Death by Wrongful Act.—Infants.*—The provisions of §285 Burns 1894 limiting the time within which an action may be brought for death by wrongful act to two years applies to infants as well as to adults. *pp. 596, 597.*

From the Clay Circuit Court. *Affirmed.*

*Albert Payne* and *S. D. Coffey,* for appellants.
*G. A. Knight,* for appellee.

HENLEY, C. J.—The only question presented by the record in this case arises upon the ruling of the lower court in sustaining appellee's demurrer to the several paragraphs of appellants' complaint. The complaint is in three paragraphs and in each paragraph it is alleged that the appellants are the children and only heirs at law of John W. Elliott, who lost his life on the 12th day of January, 1895, in a coal mine owned by appellee. John W. Elliott was a servant of appellee, and his death was caused through the negligent acts of appellee. Appellants were all minors at the time of the death of their father and but one had obtained his majority on the 18th day of May, 1898, the time of the filing of the complaint.

Elliott v. Brazil Block Coal Co.

The three paragraphs of complaint are literal copies of the three paragraphs of complaint in the case of *Boyd, Adm.*, v. *Brazil Block Coal Co., ante,* 157. The only question decided by the court in that case was that under §7473 Burns 1894 the administrator of the decedent was not the proper party to prosecute an action for death caused by wrongful act growing out of a violation of the mining act. The court held in that case that the action was not in the personal representative of the decedent, but in the persons named in the act. This question has since been passed upon by the Supreme Court. See *Maule Coal Co.* v. *Partenheimer,* 155 Ind. 100. It is contended in the case at bar that this action having been commenced more than three years after the cause of action accrued, it is controlled by §285 Burns 1894, as to the time within which the action must be brought; that §7473 Burns 1894, being a later enactment upon the same subject changes the general statute only in respect to the persons who may maintain the action, and that in all other respects the provisions of §285, *supra,* are in full force. By §285, *supra,* the time within which an action may be brought under said statute is limited to two years. The right to maintain an action for the death of a human being is purely statutory. Such a right did not exist at common law. *Indianapolis, etc., R. Co.* v. *Keeley,* 23 Ind. 133; *Jackson* v. *Pittsburgh, etc., R. Co.,* 140 Ind. 241, 40 Am. St. 192.

We will now proceed to examine the laws enacted in this State on the subject of death by wrongful act. If these various acts upon the same subject are to be construed *in pari materia* then the provision of the general act (§285) as to the limitation of the action applies to all, and each paragraph of complaint in the case is bad, because it shows upon its face that more than three years had elapsed from the time the cause of action accrued to the time the action was commenced. By §285, *supra,* the right of

action for death caused by, wrongful act was first created. That section is as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The next enactment upon this subject is §267 Burns 1894, which gives a right of action for the death of a child to the father or mother or guardian. It is provided in this section as follows: "A father (or in the case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."

The next enactment upon the subject is §5310 Burns 1894. This section is a part of an act requiring railroad companies to give certain signals upon the approach of a locomotive to a crossing of a turnpike or other highway. By §5310, it is provided as follows: "The amount of damages which may be recovered under the provisions of this act, whether for bodily injury or death, shall be within the discretion of the court or jury trying the cause: *Provided,* that in case of death such damages shall not exceed the sum of $5,000."

We come then to the statute known as the coal mining act, under which this action was brought. It is provided by §7473 Burns 1894, as follows: "That for any injury to person or persons or property occasioned by any violation of this act, or any wilful failure to comply with

any of its provisions, a right of action against the owner, operator, agent or lessee shall accrue to the party injured for the direct injury sustained thereby, and in case of loss of life by reason of such violation, a right of action shall accrue to widow, children, or adopted children, or the parents or parent, or to any other person or persons who were before such loss of life dependent for support on the person or persons so killed, for like recovery for damages for the injury sustained by reason of such loss of life or lives." It is a settled rule of law that all statutes *in pari materia* must be construed together. *State* v. *Gerhardt,* 145 Ind. 439; *Wasson* v. *Bank,* 107 Ind. 206; *Jeffersonville, etc., R. Co.* v. *Dunlap,* 112 Ind. 93; *Berry* v. *Louisville, etc., R. Co.,* 128 Ind. 484; *Thornburgh* v. *American Strawboard Co.,* 141 Ind. 443, 50 Am. St. 334; *Shea* v. *City of Muncie,* 148 Ind. 14; *Humphries* v. *Davis,* 100 Ind. 274, 50 Am. Rep. 788; *Robertson* v. *State,* 109 Ind. 79; *City of Madison* v. *Smith,* 83 Ind. 502; *City of Cincinnati* v. *Holmes,* 56 Ohio St. 104, 46 N. E. 514; *Steel* v. *Lineberger,* 72 Pa. St. 239; *Prather* v. *Jeffersonville, etc., R. Co.,* 52 Ind. 16.

In *Thornburgh* v. *American Strawboard Co., supra,* it is held that §§267, 285, Burns 1894, must be construed together. Monks, J., speaking for the court, said: "It is also settled that §267 and §285 Burns 1894, are to be construed together, the first named section being applicable to cases of minors and the latter to those of adults, and minors whose father and mother have relinquished their right respectively to the services of the child by emancipation or otherwise. *Berry* v. *Louisville, etc., R. Co.,* 128 Ind. 484, and cases cited." In *State* v. *Gerhardt, supra,* the court say: "All statutes *in pari materia* are to be construed together. *Earl of Ailesbury* v. *Patterson,* 1 Doug. 28. The legislature is presumed to have had former statutes before it, and to have been acquainted with their judicial construction, and passed new statutes on the same subject with reference thereto. *Steel* v. *Lineberger,* 72 Pa. St. 239.

When a number of statutes, whenever passed, relate to the same thing or general subject-matter, they are to be construed together and are *in pari materia.*" In *Humphries* v. *Davis, supra,* the court said: "A statute is not to be construed as if it stood solitary and alone, complete and perfect in itself, and isolated from all other laws. It is not expected that a statute which takes its place in a general system of jurisprudence shall be so perfect as to require no support from the rules and statutes of the system of which it becomes a part, or so clear in all its terms as to furnish in itself all the light needed for its construction. It is proper to look to other statutes, to the rules of the common law, to the sources from which the statute was derived, to the general principles of equity, to the object of the statute, and to the condition of affairs existing when the statute was adopted." In *City of Cincinnati* v. *Holmes, supra,* it is said: "It is a rule constantly observed in the construction of statutes that where the general provisions of a statute conflict with the more specific provisions of another, or are incompatible with its provisions, the latter is to be read as an exception to the former."

We think it unnecessary to quote further from the large number of authorities upon this subject. The rule of construction is seemingly settled without appealing to the weight of authority. There is no conflict. Applying the rule to this case, we find §285 Burns 1894, the general statute abrogating the common law rule, and giving a right of action for death by wrongful act, specifying the person who shall bring the action, the maximum amount of recovery, and limiting the time in which the action can be commenced to two years. Then we have §267 Burns 1894, giving the right to bring the action for the death of a minor. Then §5310 Burns 1894, which changes the general act only so far as it relates to the amount of recovery. Then §7473 Burns 1894, which changes or modifies the general act only so far as it applies to the persons who may bring the action.

The condition limiting the right to bring the action to two years remains unimpaired by any of the later enactments, and infants, as well as adults, are bound by it.

In *Demoss* v. *Newton,* 31 Ind. 219, the court held that when a right springs not from the contract but from legislative enactment, the action to enforce a claim under such enactment may be limited by law, and the legislature is the exclusive judge of the reasonableness of the time allowed within which action may be brought. No exception can be claimed in favor of minors, unless they are expressly mentioned by the statute as excepted.

So in this case the action being purely statutory, it must be brought within the time fixed by the statute, and the infancy of appellants can make no exception. See, *Hanna* v. *Jeffersonville, etc., R. Co.,* 32 Ind. 113; *Foster* v. *Yazoo, etc., R. Co.,* 72 Miss. 886, 18 South. 380; *Finnell* v. *Southern Kansas R. Co.,* 33 Fed. 427; *Taylor* v. *Cranberry, etc., Co.,* 94 N. C. 525; 8 Am. & Eng. Ency. of Law (2nd ed.), p. 875; *Murphy* v. *Chicago, etc., R. Co.,* 80 Iowa 26, 45 N. W. 392.

We find no error. Judgment affirmed.