CITY OF INDIANAPOLIS *v.* WILLIS, ADMINISTRATOR.

[No. 26,262. Filed February 23, 1935. Rehearing denied October 22, 1935.]

608

*Edward H. Knight, James E. Deery, Kivett & Kivett,*

*Herbert M. Spencer, Floyd Mattice,* and *Michael B. Reddington,* for appellant.

*J. E. Sedwick, White & Jones, Henry R. Wilson,* and *W. E. Henderson,* for appellee.

ROLL, J.—Appellee, as administrator of the estate of George E. Byrd, brought this action against the city of Indianapolis to recover damages for the alleged wrongful death of his decedent, occasioned by the alleged negligence of said city in permitting a dangerous condition of the streets at the intersection of Thirteenth street and the canal, which negligence consisted in the failure of the city to erect proper guards, signals, or warnings at said intersection.

It appears from the record that appellee's decedent and two other passengers engaged a taxicab owned and driven by one Harry Carr for hire on the night of April 2, 1927, and were being driven on and over Thirteenth street, a public thoroughfare in said city; that said Thirteenth street extends from Fall Creek in the western part of the city in an easterly direction to and across Fayette street, and across the canal, and continues on east to Ft. Wayne avenue, and was one of the regularly platted streets of said city and had been for many years prior thereto, but while said street extended across said canal, no bridge or regular crossing had ever been constructed at the intersection of said canal and said Thirteenth street over said canal. On the night in question appellee's decedent was riding in the rear seat of said cab. The other two passengers were sitting beside him, the lady passenger sitting on the other man's lap. The cab driver was instructed to drive to the intersection of West street and Thirteenth street and then turn east on Thirteenth street. The driver, after he turned east on Thirteenth street, continued in an easterly direction and crossed Fayette

street and into the canal. Fayette street at this point runs in a northerly and southerly direction along and adjacent to the west bank of the canal, the east edge of the street being only a few feet west of the west bank of the canal.

There was a verdict in favor of appellee for $5,000, and after appellee remitted $1,500 thereof, judgment was rendered against. the city for the sum of $3,500. Appellant's motion for a new trial was overruled, and this is the only error assigned for reversal in this court. The causes for a new trial are: that the verdict is not sustained by sufficient evidence and is contrary to law; that the damages assessed by the jury are excessive; that the court erred in the exclusion of certain evidence; the giving and refusal to give certain instructions; and the overruling of defendant's motion for a directed verdict.

Under the assigned reason that the verdict is not sustained by sufficient evidence, appellant urges the reversal of this case for the reason that the record affirmatively shows that no notice was given appellant prior to the filing of the complaint, as required by §11230, Burns Ann. Stat. 1926, and that the giving of such a notice is a condition precedent to the right to maintain this action. Section 11230, *supra,* reads as follows:

"No action in (for) damages for injuries to person or property resulting from any defect in the condition of any street, alley, highway, or bridge, shall be maintained against any city or town of this state unless written notice containing a brief general description of the time, place, cause, and nature of such injury shall, within sixty days thereafter, or if such defect consists of ice or snow or both, within thirty days thereafter, be given to the clerk or mayor or members of the board of trustees of such city or town."

Apellant contends that the above statute applies to

actions brought by an administrator to recover damages for the wrongful death of his decedent, as authorized by the provisions of §292, Burns Ann. Stat. 1926, §2-404, Burns Ann. Stat. 1933, §51, Baldwin's 1934, which section provides as follows:

> "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two (2) years. The damages cannot exceed ten thousand dollars ($10,000), and . . . must inure to the exclusive benefit of the widow or widower (as the case may be) and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased; . . ."

If the first above quoted statute applies to this case, appellee is not entitled to recover, as it is admitted by appellee that no notice was given to the appellant prior to the filing of the complaint, as required by said statute. As far as we are at present advised, this question is one of first impression in this state. Appellant concedes that if the street extends to and terminates where a canal or other stream or body of water, or a ravine crosses such street, the municipality must use ordinary care to protect from injury persons who make lawful use of the street in a reasonably prudent manner. Barricades, lights, or warnings of danger should be placed where a public street of the city intersects or approaches a canal or ditch. A negligent failure to do this constitutes a defect in the condition of such street. From this proposition it concludes that such a condition comes within the terms of the statute requiring notice of any injury resulting therefrom, as provided for by the statute, and cites as an authority for this,

the case of *Town of Spencer* v. *Mayfield* (1909), 43 Ind. App. 134, 85 N. E. 23. This case supports the proposition as to what constitutes a defect in the street, but we are unable to find any support in this case for appellant's conclusion.

Appellant also makes the point and cites several authorities to the proposition that there is no exception made in the statute in suits to recover damages for injury to the person, to which we can agree.

Appellant cites also the case of *City of Columbus* v. *Goodnow, Admx.* (1930), 91 Ind. App. 6, 168 N. E. 191, 169 N. E. 885, and insists that this case, at least impliedly, holds that the giving of notice applies to a case of wrongful death. A careful examination of this case will disclose that this question was not presented to the court nor decided in that case. It is true that that was a wrongful death case. In that case Stella Goodnow signed the notice and appellant contended that because the notice was given by Stella Goodnow, the widow of the deceased, and not by Stella Goodnow, the administratrix of his estate, it was therefore insufficient. We quote the following excerpt from page 13 of that case:

> "The notice informed appellant city that Stella Goodnow was the widow and the sole and only heir at law of the deceased. The city is bound to know that, by statutory regulation, an action for wrongful death maintained by the personal representative inures solely to the widow and children, if any, or next of kin in this case, there being no such heirs other than the widow, solely to her benefit, and that she had the only claim which might arise from such wrongful death, and that the prosecution of such claim was, in a legal way, properly by the personal representative. We hold that the notice was sufficient."

It will be noted that the statute here in question provides that "No action for damages for injuries to per-

son . . . shall be maintained against any city . . . unless written notice . . . be given to the clerk. . . ." It must be taken as well settled by the decisions of this court that in the absence of statutory enactments, actions for injuries to the person abate on the death of the person injured and do not survive to the personal representatives. *Burns, Admr.* v. *Grand Rapids, etc., R. Co.* (1887), 113 Ind. 169, 15 N. E. 230; *Hilliker* v. *Citizens' Street R. Co.* (1899), 152 Ind. 86, 52 N. E. 607.

It is also equally well settled that the so-called death by wrongful act statute, §292, *supra,* is not a survival statute. In the case of *Hilliker* v. *Citizens' Street R. Co., supra,* the court, in discussing the so-called death by wrongful act statute, said: " 'These statutes, while they do not in terms revive the common law right of action for personal injury, nor make it survive the death of the injured person, create a new right in favor and for the benefit of next of kin or heirs of the person whose death is wrongfully caused. "

In *Louisville, etc., Co.* v. *Goodykoontz* (1888), 119 Ind. 111, 113, 21 N. E. 472, the court, speaking on the same subject, said:

"The pain and suffering endured, and the permanent injury resulting from the wounding or maiming of a minor, are personal to himself, and damages for such pain and injuries are always recoverable for his benefit. We know of no principle or precedent which sustains a recovery of damages for the death of a human being, no matter how caused, simply for the purpose of enhancing the value of the decedent's estate. The action is given to afford compensation for those who have sustained pecuniary loss by the death, and not for the benefit of the decedent's estate."

An action by an administrator to recover damages

from one wrongfully causing the death of a human being was never recognized at common law, and no such action can be maintained unless authorized by an express statute. *Wabash R. R. Co. v. Hassett* (1908), 170 Ind. 370, 83 N. E. 705; *Thornburg v. American Strawboard Co.* (1895), 141 Ind. 443, 40 N. E. 1062; *Princeton Coal Co. v. Lawrence* (1911), 176 Ind. 469, 95 N. E. 423, 96 N. E. 387.

Some recognized authors have said that the action for wrongful death is a "brand new tort." It is a new and independent cause of action and can only be maintained when the decedent left a widow or next of kin surviving him. *Hilliker v. Citizens' Street R. Co., supra; Pittsburgh R. R. Co. v. Hosea* (1899), 152 Ind. 412, 53 N. E. 419; *Cincinnati, etc., R. R. Co. v. McCullom* (1915), 183 Ind. 556, 109 N. E. 206.

. The distinction between an action to recover damages to the person and an action to recover for a wrongful death is so different and so clearly defined and recognized by the courts that we are forced to the conclusion that §11230, *supra,* has no application to actions by an administrator to recover damages for the wrongful death of his decedent, but must be limited to actions designated in the statute. *Prouty, Admr. v. City of Chicago* (1911), 250 Ill. 222, 95 N. E. 147; *Nesbit v. Topeka* (1912), 87 Kan. 394, 124 Pac. 166; *Maylone v. St. Paul* (1889), 40 Minn. 406, 42 N. W. 88; *Brown v. Salt Lake City* (1908), 33 Utah 222, 93 Pac. 570; *Laconte v. City of Kenosha* (1912), 149 Wis. 343, 135 N. W. 843.

Appellant says in his brief that the primary purpose of the statutory notice is not to apprise the city merely with notice of the existence of a defect or nuisance of any sort, for that requirement of proof always rests on the plaintiff; but the essential purpose is to enable

it promptly to investigate all the facts pertaining to its liability and either adjust claims or prepare its defense in each particular case. We quite agree with appellant's statement of the purpose of the notice, and also agree that there is just as much reason for the legislature to require by statute notice to the city in cases involving wrongful death, as there is for requiring notice in case of suits for personal injury; and it might also be said that for the same reasons the legislature should,. by statute, require notice to be given an individual in similar cases, but the answer to appellant's contention is the fact that the legislature did not see fit to require notice in case of wrongful death by the terms of the statute.

We are further strengthened in our view that the words of the statute should not be extended in view of the fact that the requirement to give notice is in derogation of the common law and should be strictly construed, and also from the fact that the legislature, in 1933, amended §11230, *supra,* to include actions for wrongful death. See §48-8001, Burns Ann. Stat. 1933, §12511, Baldwin's 1934, Acts 1933, p. 705.

It is next urged by appellant that under the evidence the negligence of the city was only a remote cause or a condition, and that decedent's death would not have resulted therefrom if another active producing cause had not intervened, namely, the negligence of the taxicab driver, Harry Carr. Appellant further says that where the cause of an injury or death is the negligent act of an independent responsible intervening agency, such act must be regarded as the proximate cause thereof, and the original negligence considered as only the remote cause, and in support thereof cites the case of *Sarber* v. *City of Indian-*

*apolis* (1920), 72 Ind. App. 594, 126 N. E. 330, and other cases by both the Appellate Court and this court. There is no doubt as to the soundness of the above rule contended for by appellant, and that it finds ample support in the authorities cited, but the facts that call for the application of this rule are much different from the facts in the case at bar. In the first place appellant assumes that the evidence shows that Harry Carr, the driver of the automobile, was negligent as a matter of law, and that his negligence was the proximate cause of the death of appellee's decedent. The evidence upon this point, as disclosed by the record, is, in our judgment, such that we cannot say constituted negligence as a matter of law. In many respects the evidence is conflicting and not of such a character that led to but one conclusion, and it was therefore a proper subject to be submitted to the jury for its determination from all the facts and circumstances disclosed at the hearing. If it should be determined, however, that Carr was himself guilty of negligence in the operation of the taxicab, it does not necessarily follow that his negligence would defeat the recovery in this case. Appellee's decedent did not engage the taxicab nor did he have any control over his movements or the control of the car.

In the case of *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 59 N. E. 347, we find facts similar to the case at bar. In that case appellant was walking along the street on the part used by pedestrians, going north for the purpose of crossing the river on the east sidewalk of the bridge. Just as he was about to enter the bridge, he was suddenly and unexpectedly confronted with a person riding a bicycle on the east sidewalk of said bridge, coming directly toward him at a great speed, and the plaintiff, for the purpose of avoid-

ing a collision and injury, jumped suddenly to his right, and because of the failure of the city to maintain guards at that part of the street where it ends at the abutment, he fell suddenly off of the end of the street at the place therein described and was injured. It was there urged that the bicycle rider was the proximate cause of the injury, and in support thereof cited the case of *Alexander* v. *Town of New Castle* (1888), 115 Ind. 51, 17 N. E. 200, also cited and relied upon by appellant in this case. It was there held, however, that the Alexander case was not controlling. We quote the following excerpt which we think is applicable to the facts in this case from the opinion in that case (p. 205):

"The fact that some other cause operates with the negligence of a decedent does not relieve him from liability. The question is whether the defendant's negligence was a proximate cause of the injury. And it need not necessarily have been the immediate cause. In the case at bar it was the duty of appellee properly to guard the place in question, and its failure to do so was negligence. This negligence contributed to the injury, and it cannot be said to be a remote cause for the reason that whatever it did contribute it contributed at the time and place of the injury. Another event concurred to produce appellant's injury, but this event could not have produced the injury but for appellee's negligence. Appellee's negligent breach of duty was a cause of the injury, and although there was an intervening event, yet this intervening event and the defect in the street were concurrent causes of the injury and were both present and active in the result. Clearly there were two causes combining to produce the result and the city was responsible for only one of these causes, yet it cannot escape liability because it was not responsible for the other. *Board, etc.,* v. *Mutchler,* 137 Ind. 140. . . . If the city by its negligence put in motion a cause which continued to the end and without which the injury would not have oc-

curred, although a third person may have contributed to the final result, yet the city's negligence must be held to be a proximate cause of the injury."

We quote also from the case of *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 188, 99 N. E. 39:

"The existence of concurrent causes does not relieve the appellant from liability, although one of the causes was the act of a third person. The fact that another cause operated in connection with the negligence of a municipal corporation, and brought about the injury of appellee, such negligence is the proximate cause of the injury."

To the same effect is the case of *Evansville, etc., R. R. Co.* v. *Allen* (1905), 34 Ind. App. 636, 640, 73 N. E. 630:

" 'Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time.' " Sherman & Redfield, Negligence (3d ed.), §10; *City of Mt. Vernon* v. *Hoehn* (1899), 22 Ind. App. 282, 53 N. E. 654; *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, 65 N. E. 591; *City of Louisville* v. *Heitkemper's Admrx. et al.* (1916), 169 Ky. 167, 183 S. W. 465.

So, in this case, we think it quite clear that the evidence is altogether sufficient to establish negligence on the part of the city in failing to barricade, sufficiently light, or to erect warnings of danger at the intersection of the canal and Thirteenth street. We are also of the opinion that the evidence is sufficient to justify the jury in finding that the taxicab driver was in no way negligent. One of the wit-

nesses, in describing the conditions that existed on the night of the accident in question, stated that the water standing in mud holes in Thirteenth street near the canal, and the density of the fog and rain made it extremely difficult to distinguish the street from the water in the canal. The street lamp which was fastened to a pole located at the northwest corner of the intersection and about twenty feet above the surface of the street, consisted of a light bulb with a tin reflector above it. The ground was practically level with no warning signs of danger or barricades of any kind at the end on the west or east bank of the canal in line with Thirteenth street. Under the facts as shown by the record in this case, we are of the opinion that the verdict of the jury as sustained by sufficient evidence and is not contrary to law.

What we have said above makes it unnecessary for us to discuss the alleged error in the exclusion of certain testimony, as such testimony, even if erroneously excluded, was a harmless error.

Appellant contends that the verdict is excessive for the reason the evidence does not show the extent of decedent's actual contribution to his wife and the cost of his own upkeep, and therefore is wholly insufficient to show damages in the amount fixed by the judgment, and cites in support thereof the case of *Korrady, Admx.* v. *Lake Shore, etc., Ry. Co.* (1892), 131 Ind. 261, 29 N. E. 1069. We are unable to see how the appellant is able to obtain any comfort from this case. It was contended there that the complaint was insufficient because it did not specifically show that actual damages were sustained by the widow and infant children of appellant's intestate. The court said that "such contention could not prevail." Also (p. 262): "The legal presumption is that infant

children are entitled to the benefit of the father's services, and that the wife is entitled to the benefit of the services and assistance of her husband, and that such services are of value to her and her children." The court also said (p. 263): "This presumption may, possibly, not extend so far as to entitle a plaintiff to recover actual or substantial damages without evidence, but it does prevail to save a complaint from overthrow where, as here, its averments are confessed by demurrer. The amount of damages that may be recovered depends, to be sure, upon the evidence, but where the intestate leaves a widow and infant children, the implication of law is that they sustained some injury which the wrongdoer must compensate in damages."

The evidence in the case at bar supplies the evidence spoken of in the above quotation and shows that appellee's decedent was a young man, 25 years of age, in good health, and earning $25 per week, and that he had worked for three years at washing cars for a certain bakery company, and had a life expectancy, as shown by the mortality tables of _____ years; that during all of this time and at the time of his death, he was living with his wife. This, we think, is an entirely sufficient basis for fixing the amount of damages, and this holding is in complete harmony with the case cited by appellant. See also *Pennsylvania Company* v. *Coyer, Admx.* (1904), 163 Ind. 631, 72 N. E. 875; *Pittsburgh, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 97 N. E. 145, 98 N. R. 625.

Appellant also complains of the giving of certain instructions and the refusal to give those tendered by it. The questions we have discussed above dispose of most of the complaint as to the instructions. We have carefully examined the instructions, and while they are not

a model of clarity, yet we are unable to say that the jury was in any way confused thereby.

Appellant's assigned error that the court should have directed a verdict in favor of appellant was based upon the contention that no statutory notice had been given and therefore no right of action existed. What we have said above disposes of this contention and needs no further notice.

We find no reversible error in the record.

Judgment affirmed.