

Fred Stults, Gary, Ind., John W. Gustafson, Chicago, Ill., for plaintiffs.

Robert Gross, Sr., and Robert Gross, Jr., John P. McQuillan, Gary, Ind., for defendants.

SHARP, District Judge.

## MEMORANDUM OPINION

**Melvin A. RUCKMAN, Administrator of the Estate of Sandra Lynn Ruckman, Deceased, et al., Plaintiffs,**

**v.**

**PINECREST MARINA, INC., a corporation, et al., Defendants.**

**Civ. No. 73 H 114.**

United States District Court, N. D. Indiana, Hammond Division.

Nov. 19, 1973.

On April 27, 1973 the Plaintiffs filed a complaint for wrongful death and personal injury damages against the Defendants. The complaint alleges that all of the Defendants are citizens and residents of Lake County, Indiana and that all of the Plaintiffs are citizens and residents of the State of Illinois. The complaint further alleges that Sandra Lynn Ruckman and Michael Smith were killed as a result of the negligent, reckless, wilful and wanton acts of the Defendants as a result of certain incidents which occurred in Lake County, Indiana on June 3, 1972. It is further alleged that this same reckless, wilful and wanton misconduct was the cause of personal injuries sustained by Susan Jean Ruckman and Cindy Leigh Ruckman on June 3, 1972. The complaint further alleges that Melvin A. Ruckman as Administrator of the Estate of Sandra Lynn Ruckman and Barbara Smith as Admin-

istrator of the Estate of Michael Smith bring this action as such personal representatives pursuant to and as authorized by Chapter 70 of the Illinois Revised Statutes. It is also alleged and undisputed that both Sandra Lynn Ruckman and Michael Smith were unemancipated minors at the time of their death on July 3, 1972. It is also alleged that the matter in controversy exceeds the sum of $10,000.00.

The Motions to Dismiss were filed under Rule 12 of the Federal Rules of Civil Procedure and asserts that that part of the complaint brought by Melvin A. Ruckman as Administrator of the Estate of Sandra Lynn Ruckman, deceased, and Barbara Smith as Administrator of the Estate of Michael Smith, deceased, should be dismissed and asserts that said complaint does not state a claim upon which relief can be granted and that said personal representatives are not the real parties in interest in a claim for wrongful death of an unemancipated minor.

■ Under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court, in an action based on diversity of citizenship jurisdiction, must follow the substantive law of the State of Indiana, including the State of Indiana's rules as to conflicts of law and choice of law. Thus, in this case, the substantive law of Indiana is clearly applicable.

This precise question has previously been ruled upon in this court by Chief Judge Swygert in Vera Cruz v. Chesapeake & Ohio Railroad Company, 192 F. Supp. 958 (N.D.Ind.1961), where he stated:

"The Indiana Wrongful Death Act (Burns' Ind.Stats.Anno. § 2–4–4) and the Indiana statute allowing recovery by a parent for the loss of services of a child (Burns' Ind.Stats.Anno. § 2–217) create independent and mutually exclusive actions. They neither afford optionally alternative remedies nor are they actions that can be pursued together. Mayhew v. Burns,

1885, 103 Ind. 328, 2 N.E. 793; Hahn v. Moore, 1956, 127 Ind.App. 149, 133 N.E.2d 900, 904; Note, Wrongful Death Actions in Indiana, 34 Ind.L.J. 108.

In the case at bar the action has been brought by the father of the deceased child under the provisions of § 2–217. Perforce, there can be no recovery for dependent next of kin under the provisions of § 2–404. Only those elements of damages under § 2–217 can be considered. . . ."

■ Under Burns' Section 2–217 as it applies to this case, only the father is authorized to bring a claim for wrongful death of an unemancipated minor and the personal representative of the minor's estate is not a proper party to bring such wrongful death action. See Hahn v. Moore, 127 Ind.App. 149, 133 N.E.2d 900, 134 N.E.2d 705 (1956). The precise relevant language of Burns' Section 2–217, I.C.1971 34–1–1–8, states in part:

"A father, or in case of his death, or desertion of his family, or imprisonment, the mother, or in case of divorce the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child. * * * "

Burns' Section 2–217 is a part of the substantive law of Indiana and is the basis of any claim for the wrongful death of an unemancipated minor. Chapter 70 of the Illinois Revised Statutes is not the source of the substantive law applicable to such claims for the wrongful death of an unemancipated minor. Therefore, the two claims for wrongful death described here are not brought within the framework of 2–217. Since the complaint may be readily amended to conform to the provisions of 2–217 the Motions to Dismiss will be granted with leave for the plaintiff to make appropriate amendments.

■ It is clear that the personal representative of an estate of a minor cannot sue for the death of the child when the child's parents are living, unless the

child has been emancipated. See Berry v. Louisville, E. & St. L. R. Co., 128 Ind. 484, 28 N.E. 182 (1891), and Pere Marquette Railroad Co. v. Chadwick, 65 Ind.App. 95, 115 N.E. 678 (1917).

Therefore, the claims asserted on behalf of Melvin A. Ruckman, Administrator of the Estate of Sandra Lynn Ruckman, deceased, and of Barbara Smith, Administrator of the Estate of Michael Smith, deceased, should be and hereby are dismissed and the plaintiffs are hereby granted leave to file an amended complaint in this case within 20 days.