No. 7464.

BORROUGHS v. ADAMS ET AL.

DESCENT.—*Illegitimate Child.*—*Heir.*—*Statute Construed.*—Under the provisions of the act of February 10th, 1853, 1 R. S. 1876, p. 410, the brothers and sisters of an intestate take his estate, as heirs, to the exclusion of his illegitimate child.

From the Randolph Circuit Court.

*M. Hunt, E. L. Watson* and *W. E. Monks,* for appellant.
*L. J. Monks* and *W. A. Thompson,* for appellees.

FRANKLIN, C.—This was a proceeding by an illegitimate child for the partition of the lands of its putative father. The suit was commenced in the name of Franklin L. Borroughs (the child), by his next friend, Fairfax Hunt, against Elijah Adams and Cornelius Metsker, who were the purchasers of the land from the brothers and sisters of the putative father, after his death.

The complaint alleges that the father died intestate, the owner in fee and possessed of the undivided interest in the lands, as described in the complaint; that he died single, leaving no children but appellant, but left brothers and sisters residing in this State; that during his lifetime he acknowledged appellant to be his child.

A demurrer was filed to the complaint, and the cause comes here upon the ruling of the court in sustaining the demurrer.

This complaint is based upon the act of February 10th, 1853, 1 R. S. 1876, p. 410, which reads as follows: "That the real and personal estate of any man dying intestate without heirs resident in any of the United States at the time of his death or legitimate children capable of inheriting without the United States shall descend to and be vested in his illegitimate child or children who are residents of this State or any of the United States, and such illegitimate child or children shall be deemed and taken to be the heir or heirs of such

intestate in the same manner and entitled to take by descent or distribution to the same effect and extent as if such child or children had been legitimate : *Provided,* that the intestate shall have acknowledged such child or children as his own during his lifetime ; and *provided further,* that the testimony of the mother of such child or children shall in no case be sufficient to establish the fact of such acknowledgment."

It is insisted by appellant that the word "heirs" in the foregoing statute means child or children, and does not include brothers and sisters. The general meaning of the word "heir" is one upon whom the law casts the estate upon the death of his ancestor. Bouv. Law Dict. It may be limited by the context to mean a child of the body of the ancestor only. *Jones* v. *Miller,* 13 Ind. 337. The words "my heirs" mean next of kin. *Rusing* v. *Rusing,* 25 Ind. 63.

All who may inherit under our laws may be heirs. And the foregoing statute provides a contingency in which an illegitimate child may inherit the estate of its putative father, and thereby become his heir. But the question arises, Do the facts of the case at bar bring about the contingency in which appellant can be the heir? This statute provides that an illegitimate child can only inherit where there is no legitimate child or children in the United States or elsewhere, and no heirs in the United States. Were it not for this act, who would inherit? It was intended by the Legislature, should the remote contingency occur, to give the estate to the illegitimate child in preference to its escheating to the State. But where there were legitimate heirs, lineal or collateral, within the United States, the estate would not escheat to the State.

At the time of the passage of this act, brothers and sisters, under the law, could inherit and were collateral heirs. And it certainly could not have been the intention of the Legislature, nor will the language of the act bear the construction, that the brothers and sisters were to be cut off and the estate given to an illegitimate child.

We think the court did not err in sustaining the demurrer to the complaint.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at appellant's costs.