## STEWART *v.* WELLS ET AL.

[No. 7,593. Filed March 8, 1911.]

1. DESCENT AND DISTRIBUTION.—*Illegitimate Children.*—At the
common law illegitimate children were not heirs of their fathers;
and their present right of inheritance is purely statutory. p. 231.

2. DESCENT AND DISTRIBUTION.—*Laws Governing.*—The laws in
force at the time of the death of a decedent govern the descent
and distribution of his property. p. 231.

3. DESCENT AND DISTRIBUTION.—*Children of Half Blood.*—*Illegitimate Children.*—Under §2999 Burns 1908, §2475 R. S. 1881, providing that if a person die without heirs residing in, or legiti-

mate children residing without, the United States, his property shall descend to his acknowledged illegitimate children, if any, the property of an intestate descends to his half-brother in preference to his cousins (§2996 Burns 1908, §2472 R. S. 1881), or his acknowledged illegitimate children. p. 232.

4. DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Statutes.*— Section 2999 Burns 1908, §2475 R. S. 1881, providing for the descent of property under certain circumstances to illegitimate children, is too plain for construction and cannot be extended by the courts, since the rule therein provided has become a rule of property. p. 232.

5. DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Statutes.*— Since the taking effect of the act of 1901 (Acts 1901 p. 288, §3000 Burns 1908), acknowledged illegitimate children inherit from their fathers in the absence of surviving legitimate children, or their descendants. p. 233.

From Scott Circuit Court; *William C. Utz,* Special Judge.

Suit by Ora Belle Dixon Stewart against John C. Wells and others. From a decree for said Wells, plaintiff appeals. *Affirmed.*

*John D. Alexander* and *Robert L. Mellen,* for appellant.

*Branaman & Branaman,* for appellees John C. and Catherine O. Wells, and *Robert W. McBride,* for appellee State Life Insurance Company.

ADAMS, J.—Appellant, the illegitimate child of William Otto Dixon, commenced this proceeding against appellees, John C. Wells, Catherine O. Wells, William F. Callahan and the State Life Insurance Company, to quiet her title to certain lands in Jackson county, Indiana. A cross-complaint was filed by appellee John C. Wells to quiet his title to said real estate. William F. Callahan, claiming title as the illegitimate child of William Otto Dixon, also filed a cross-complaint to quiet his title to said lands.

Upon an agreed statement, the court made a special finding of facts and stated conclusions of law thereon. The facts, affecting the questions presented by this appeal, as found by the court, show that Michael F. Dixon and Ber-

thena Huffington were married on May 17, 1849, and to this union was born one child, William Otto Dixon, from whom all the parties to this suit claim title; that Michael F. Dixon and Berthena Dixon were divorced on March 23, 1850; that, after the granting of said divorce, said Berthena inherited from her father, James M. Huffington, the real estate in controversy; that said Berthena Dixon took and remained in possession of said real estate as the absolute owner thereof until her death, which occurred on January 29, 1895; that said Berthena left as her sole and only heir at law her son, William Otto Dixon, who inherited all of said real estate; that said William Otto Dixon remained in possession of said lands until his death on December 19, 1896; that both Berthena Dixon and William Otto Dixon died intestate in Jackson county, Indiana.

The court also found that after the granting of the divorce between Michael F. Dixon and his wife, Berthena, said Michael F. intermarried with Elizabeth Sawyer, and to this union there was born one child, Virgil C. Dixon, who was alive and a resident of the State of Iowa on December 19, 1896—the date of the death of William Otto Dixon; that said William Otto Dixon, in addition to his half-brother, said Virgil C. Dixon, left surviving him his cousins, Leonard and Josephus Huffington, sons of a deceased brother of Berthena Dixon, and Robert J. Esham, son of a deceased sister of said Berthena Dixon; that at the time of the death of said William Otto Dixon said Leonard Huffington and Robert J. Esham were residents of Jackson county, Indiana, and said Josephus Huffington was a resident of the State of Kansas; that appellant, Ora Belle Dixon Stewart, and appellee William F. Callahan were illegitimate children of William Otto Dixon, and were recognized and acknowledged by him to be his children during his life and up to his death; that appellee John C. Wells holds the real estate in dispute by deed from Virgil C. Dixon, dated February 13, 1897; that the

State Life Insurance Company holds a mortgage on said real estate for $10,000, executed by John C. Wells and wife on September 11, 1902; that the title of John C. Wells to said real estate was in a former proceeding quieted as against the cousins of William Otto Dixon.

The questions presented by this appeal involve the rights of illegitimate children in the estate of their father. At common law an illegitimate child was not an heir of 1. its deceased father, and whatever rights of inheritance are possessed by such illegitimate child in this State must be conferred by statute.

At the death of William Otto Dixon on December 19, 1896, the only statute in force in the State of Indiana, which gave illegitimate children any rights in the estate of their deceased father was §2999 Burns 1908, §2475 R. S. 1881, and reads as follows: ''The real and personal estate of any man dying intestate, without heirs resident in any of the United States at the time of his death, or legitimate children capable of inheriting without the United States, shall descend to and be vested in his illegitimate child or children who are residents of this state or any of the United States; and such illegitimate child or children shall be deemed and taken to be the heir or heirs of such intestate in the same manner, and entitled to take by descent or distribution to the same effect and extent as if such child or children had been legitimate: Provided, that the intestate shall have acknowledged such child or children as his own during his lifetime: And provided, further, that the testimony of the mother of such child or children shall in no case be sufficient to establish the fact of such acknowledgment.''

The descent of real estate of an intestate must be governed by the law in force at the time of the death of such intestate. It therefore follows that if William Otto 2. Dixon left any heirs resident of the United States at the time of his death, then his illegitimate children

could not inherit. It is found by the court, and is not questioned by appellant, that William Otto Dixon left a

3. half-brother and three cousins. The half-brother was his heir as against the cousins. §2996 Burns 1908, §2472 R. S. 1881; *Robertson* v. *Burrell* (1872), 40 Ind. 328; *Anderson* v. *Bell* (1895), 140 Ind. 375, 29 L. R. A. 541. But they were all heirs, and capable of inheriting under the provisions of the statute before appellant could lawfully claim any interest, no matter how completely acknowledged by her putative father. This cannot be regarded an open question in Indiana. *Cox* v. *Rash* (1882), 82 Ind. 519; *Borroughs* v. *Adams* (1881), 78 Ind. 160; *Pond* v. *Irwin* (1888), 113 Ind. 243, 247.

Appellant's counsel urge with much force that recent legislation has gone far to raise the blight on unfortunate children in the position of appellant, by permitting them

4. to inherit from the father, where they have been duly acknowledged, as in this case, and that the decisions have become more liberal in dealing with such unfortunates. Counsel insist that the statute herein set out should be construed to read: ''Any man dying without heirs of ancestral blood.'' This would avail appellants nothing, for the Huffington children were of ancestral blood, but were excluded from inheriting by the rules of law declared in the decisions herein cited.

The words of the statute which govern in this case do not admit of construction. They are plain and unambiguous. The rule of descent provided, has been recognized for such length of time that it has become a rule of property. We agree with appellant's counsel, that the law as declared works a hardship in this case, where it appears that the father fully acknowledged appellant as his child. But we do not believe that the ''cogent reasons'' for changing the rule by judicial construction, referred to in the case of *Pond* v. *Irwin, supra,* obtain here.

The law of descent in such cases was changed in this

State by the act of 1901 (Acts 1901 p. 288, §3000 Burns 1908), and an illegitimate child may now inherit
5. from the putative father under the conditions named in the act. The cases of *Townsend* v. *Meneley* (1906), 37 Ind. App. 127, and *Daggy* v. *Wells* (1906), 38 Ind. App. 27, construing the law of 1901, are not applicable to the facts found in this case.

Judgment affirmed.