## COOLEY ET AL. *v.* POWERS.

[No. 9,436.   Filed June 28, 1916.   Rehearing denied October 26, 1916.]

1.  ADOPTION.—*Power of Legislature.*—The legislature has the power to declare the legal status of an adopted child and invest him with the capacity of inheriting from his adopting parent the same as if he were the adopting parent's child born in wedlock.  p. 61.
2.  . BASTARDS.— *Inheritance.—Adoption.— Legitimate Child.— Statutes.*—Under §§870, 871 Burns 1914, §§825, 826 R. S. 1881, providing that an adopted child shall be entitled to receive the same rights and interest in the estate of the adopting parent

by descent or otherwise that it would if the natural heir, and that the adopting parent shall occupy the same position toward such child as a natural father or mother, an adopted child, by virtue of the statute, stands in the same relation to the estate of the adopting parent as a legitimate child, and must be regarded as such, and, when such child survives, the right of an illegitimate child to inherit the estate of the father under §3000 Burns 1914, Acts 1901 p. 288, providing that where any man acknowledges an illegitimate child as his own, such child shall inherit from his estate, unless a legitimate child or descendants of legitimate children survive, is barred. p. 61.

3. BASTARDS.—*Inheritance.*—*Statute.*—*Construction.*—Section 3000 Burns 1914, Acts 1901 p. 288, provides only for a contingent right of inheritance in some instances in the illegitimate child, and cannot be construed to include the children or descendants of such illegitimate child. p. 63.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by Joseph G. Cooley and another against Francis W. Powers.

From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Williams & Murphy,* for appellants.

*Stewart, Hammond & Stuart* and *Simms & Fulwider,* for appellee.

IBACH, J.—In the year 1910, William Powers died intestate, the owner in fee simple of a tract of land in Montgomery county, Indiana. Appellants are the natural children and only heirs of Charley Cooley who was the alleged illegitimate son of said William Powers, and who died intestate before the death of his putative father. Appellee is the legally adopted child of said William Powers. The adopting father of appellee having died without children born in wedlock or their descendants, the point of contention presented by the appeal is whether the adopted child, appellee, was a legitimate child and rightfully entitled to inherit the estate of his adopting father as his heir, within the meaning of §3000 Burns 1914, Acts 1901 p. 288, which provides: ''That the illegitimate child or children of any man dying intestate and having acknowledged such child

or children during his lifetime as his own, shall inherit his estate, both real and personal, and shall be deemed and taken to be the heir or. heirs of such intestate in the same manner &ast; &ast; &ast; as if such child or children had been legitimate. &ast; &ast; &ast; The provisions of this act shall not apply where the father of the illegitimate child, at his death, had surviving legitimate children or descendants of legitimate children.'' The only error assigned is the court's action in sustaining a demurrer to a complaint by appellants seeking to establish an interest as heirs in the estate of William Powers.

It cannot be successfully contended that the legislature can by statute constitute a child a natural child of any persons other than his natural father and mother, 1. but it has the power to declare the legal status of an adopted child and make him capable of inheriting from his adopting parent the same as if he were his own child born in lawful wedlock. As it is expressed in some of the older cases: ''It is competent for the legislature to place a child by adoption in the direct line of descent as it is for the common law to place a child by birth there.'' And this is what we believe the legislature of this state has 2. done. The statute on this subject, §868 *et seq.* Burns 1914, §823 *et seq.* R. S. 1881, provides the manner in which a child may be adopted, and by §3 of the act it is provided that from and after such adoption the adopted child shall be entitled to receive the same rights and interest in the estate of the adopting parent by descent or otherwise that it would if the natural heir of such adopting parent; and by §4 of the same act it is provided that, after such adoption, the adopting parent shall occupy the same position toward such child that he or she would if the natural father or mother, and be liable for the maintenance and education of such child, and in every way as a natural parent. This language is broad and comprehensive, and when construed in connection with the adjudicated cases

on kindred questions, and in the light of the civil law from which the principles declared in the statute are taken, we believe it to be clear that the legislature intended to create between the adopting father and the adopted child a relation like that existing between the natural father and his child, and with respect to the adopting father's estate he must be regarded as a child in the degree of a legitimate child as that term is used in §3000 Burns 1914, *supra.* He is an heir, a lineal descendant, the same as if born in lawful wedlock, not because of any natural relation existing between them as parent and child, but because he has been given that status by virtue of the statute. *Humphries* v. *Davis* (1885), 100 Ind. 274, 50 Am. Rep. 788. An adopted child, like every other child in the state, is either legitimate or illegitimate; he does not occupy a middle ground. This court in the case of *Harness* v. *Harness* (1911), 50 Ind. App. 364, 98 N. E. 357, quotes with approval this language from *Gates* v. *Seibert* (1900), 157 Mo. 254, 57 S. W. 1065, 80 Am. St. 625: "The word (legitimate) is used without qualification or restriction. There are no degrees of legitimacy, a child is either legitimate or it is illegitimate, and whether it is one or the other depends upon whether or not it comes within the requirements of the law to make it legitimate." See, also, *In re Wardell* (1881), 57 Cal. 484, 491. In the case at bar it is conceded that appellee was legally adopted. The adoptive statutes of this state have already been considered many times by the courts, and while the precise question here involved has not been determined, the conclusion we have reached is supported by the reasoning employed in all those cases where the same general principles have been involved. *Markover* v. *Krauss* (1892), 132 Ind. 294, 31 N. E. 1047, 17 L. R. A. 806, and cases there cited. The common law made no provision for the adoption of children, so that the contention of appellant that the term "legitimate children" meant at common law only those born of the blood in wedlock, and that the legislature in using this term in

§3000 Burns 1914, *supra*, used it in this sense, is erroneous, and the authorities cited by appellants have no application to the precise question under consideration. This conclusion is further supported by another line of cases in which §267 Burns 1914, §264 R. S. 1881, was considered and discussed. By virtue of this statute it has been held that a right of action is vested in the foster parent to maintain a suit for the death of an adopted child but not for the death of an illegitimate child, upon the theory that the adopted child is a legitimate child, its relation to the adopting parent differing in no substantial degree from the relation of the child born of the blood in wedlock to its natural parent. *McDonald* v. *Pittsburgh, etc., R. Co.* (1896), 144 Ind. 459, 43 N. E. 447, 32 L. R. A. 309, 55 Am. St. 185; *Citizens Street R. Co.* v. *Cooper* (1899), 22 Ind. App. 459, 53 N. E. 1092, 72 Am. St. 319; *Thornburg* v. *American Strawboard Co.* (1895), 141 Ind. 443, 40 N. E. 1062, 50 Am. St. 334; *Citizens' Street R. Co.* v. *Willoeby* (1896), 15 Ind. App. 312, 43 N E. 1058. Appellee, the adopted child, by virtue of his status must be regarded as a child in the degree of a legitimate child of his deceased adopting parent, and the effect of such adoption in view of the facts of this case was to cast succession upon him the same as if he had been a natural child.

It is proper to add in this connection that §3000, *supra*, makes provision only for a contingent right of inheritance in some instances in the illegitimate child, and in no 3. way can it be construed to include the children or descendants of such illegitimate child, who died prior to the death of the putative father, but it is unnecessary to discuss this phase of the case further, as the disposition of the proposition considered disposes of the entire case. The demurrer to the complaint was properly sustained. Judgment affirmed.

Caldwell, C. J., Moran and Felt, JJ., concur.

Hottel, P. J., and McNutt, J., concur in result.

## CONCURRING OPINION.

HOTTEL, P. J.—I concur in the conclusion reached in the majority opinion but I am unable to say that I wholly concur with the reasoning upon which it is based.

I do not question the right of the legislature "to place a child by adoption in the direct line of descent," nor do I doubt that, subject to the proviso therein, such is the effect of §870 Burns 1914, *supra,* which provides that such adopted child shall "be entitled to and receive all the rights and interest in the estate of such adopting father or mother, by descent or otherwise, that such child would if the *natural heir* of such adopting father or mother."

It is equally certain that the legislature has the right to place the illegitimate child also in the direct line of descent or do what it did do by §3000 Burns 1914, *supra,* viz.: make him an *heir* of his intestate, putative father under the conditions therein named "in the same manner as if such *child* had * * * been *legitimate,*" provided such putative father at his death left surviving him no *legitimate children* or the descendants of *legitimate children.*

In my judgment the legislature had in mind, when §3000, *supra,* was enacted, children of the blood only, viz., those begotten or born in wedlock and those begotten and born out of wedlock; the intent of the legislature being to provide for the inheritance of the latter when there was a failure of the blood of the former. The word "illegitimate" as used in such act means the child of the putative father begotten and born out of wedlock and the word "legitimate" means a child begotten or born in wedlock.

By what I have said I do not desire to be understood as expressing any opinion as to the interpretation or construction that should be given to the sections of the statute, *supra,* further than as to the meaning of said words, "legitimate" and "illegitimate," as used in said §3000. Nor do I deem it necessary in this case that the court should determine or

decide what would be the relative rights of the adopted child and the illegitimate child under said sections of the statute. Such question is not necessarily involved in this appeal. For the purposes of the question here presented it is sufficient to say that the right of inheritance exists only by virtue of the law which creates the right, and neither the adopted child nor the illegitimate child, nor its descendants, can inherit from the adopting father or the putative father, in the absence of a statute giving it such right.

The appellants are the children of the alleged illegitimate child of the decedent, William Powers, and as such are claiming the real estate in question under §3000, *supra.* This section does not purport to confer any right on the descendants of illegitimate children.

Section 868, *supra,* is very comprehensive and in effect makes the adopted child the legal heir of his adopting father "with all the rights of the natural child," subject only to the proviso therein which does not affect the question here presented.

It follows that appellants are not entitled to the real estate in question because of the absence of any law conferring on them any right of inheritance in the estate of said decedent and that appellee is entitled to such real estate because the law makes him the legal heir in such a case. Upon this ground and for this reason I concur in the conclusion reached in the majority opinion.

McNutt, J., concurs.

NOTE.—Reported in 113 N. E. 382. Power of legislature to give child under existing adoption right to inherit from parent or parent's relatives, note, 35 L. R. A. (N. S.) 216. Inheritance by, through or from illegitimate persons, note, 23 L. R. A. 753; Ann. Cas. 1913C 1338; 7 C. J. 965. See under (1, 2) 1 Cyc 918, 931; 1 C. J. 1372, 1395.