HALL *v.* FIVECOAT ET AL.

[No. 16,609. Filed January 21, 1942. Rehearing denied March 24, 1942.]

*Ralph Brill, Frank Hamilton,* and *Jeffries, Jeffries & Johnson,* all of Terre Haute, for appellant.

*Charlton J. Walker, Donald P. Shinn, John E. Summa,* and *A. T. Conner,* all of Columbus, for appellees.

DeVoss, C. J.—Appellee Mary F. Fivecoat filed a second amended complaint in the Bartholomew Circuit Court of Indiana, praying for a declaratory judgment determining and establishing the next of kin and heirs of Justice M. Hall, deceased, and the rights and interest of such heirs in and to the real estate and the surplus of the estate of said Justice M. Hall, remaining for distribution. Said second amended complaint named as defendants, Justus Hall, Jr., Irwin-Union Trust Co., administrator of the estate of Justice M. Hall, deceased, Ernest Beatty, Pearl Bottorff, Ruby Robertson, Opal Altemeyer, and Garnet Osmon, and alleged that on or about the 16th day of August, 1938, Justice M. Hall died intestate and unmarried, in and a resident of Bartholomew County, Indiana, leaving administratable assets in said county; that Irwin-Union Trust Co. is the duly appointed, qualified and acting administrator of this estate. The complaint further alleges that said estate of said decedent is solvent and that a surplus thereof will remain to be disposed of and describes the

real estate of which said decedent died owner; and that said decedent left surviving him no widow, no children, no legitimate descendants of any children, neither parent, and no descendant of either parent, no grandparents, no living ancestors of any grandparents, and no descendants of any maternal grandparents, no uncles, no aunts, and no first cousins, but left surviving him Mary F. Fivecoat, appellee, together with the appellees Ernest Beatty, Pearl Bottorff, Ruby Robertson, Opal Altemeyer, and Garnet Osmon, first cousins once removed, and that said appellee herein, Mary F. Fivecoat, and the above named defendants are all the sole surviving next of kin and heirs of said decedent, Justice M. Hall, and are entitled to take the entire surplus of his estate remaining for distribution. Said amended complaint further alleged that appellant, Justus Hall, Jr., contends that he is an acknowledged illegitimate son of Bruce Hall and that said Bruce Hall was the son of, and predeceased, the said Justice M. Hall, deceased, and that as such acknowledged illegitimate son of the said Bruce Hall, the said Justus Hall, Jr., contends that he is the sole heir of said Justice M. Hall, deceased, and is entitled to take all of the estate of the decedent.

Said complaint concludes with a prayer for a declaratory judgment determining said kinship and fixing the rights of inheritance of parties thereto.

Justus Hall, Jr., filed a demurrer to said second amended complaint, which demurrer was by the court overruled. Thereafter said Justus Hall, Jr., filed his amended cross-complaint alleging in substance the matters and things set out in the second amended complaint and praying for a declaratory judgment in which he be adjudged the sole owner of the estate of Justice M. Hall, deceased. To this amended cross-complaint

appellee Mary F. Fivecoat filed a demurrer, which demurrer was by the court sustained.

To the second amended complaint of Mary F. Fivecoat, the defendants Ernest Beatty, Pearl Bottorff, Ruby Robertson, Opal Altemeyer, and Garnet Osmon filed an amended cross-complaint against Mary F. Fivecoat and Justus Hall, Jr., and Irwin-Union Trust Co., administrator of the estate of Justice M. Hall, deceased. Said cross-complaint alleges in part, matters and things set out in the second amended complaint. It further alleges that Mary F. Fivecoat contends that she is the sole heir of said decedent and that Justus Hall, Jr., contends that he is the sole heir of said decedent, but does not attempt to allege under what circumstances and conditions said Justus Hall, Jr., contends he is the sole heir.

Justus Hall, Jr., filed a demurrer to the amended cross-complaint of Ernest Beatty and others, which demurrer was by the court overruled. To this ruling Justus Hall, Jr., excepted. Appellant, Justus Hall, Jr., refusing to answer or plead further to the second amended complaint of appellee Mary F. Fivecoat, and to the amended cross-complaint of appellees Ernest Beatty et al., and refusing to plead over on the sustaining of demurrer to his cross-complaint, judgment was rendered by the court on the rulings on demurrers for appellee Mary F. Fivecoat, Ernest Beatty, Pearl Bottorff, Ruby Robertson, Opal Altemeyer, and Garnet Osmon and against appellant, Justus Hall, Jr.

The errors assigned and relied upon for reversal are as follows: (1) The court erred in overruling the demurrer of Justus Hall, Jr., to plaintiff's second amended complaint; (2) the court erred in sustaining the demurrer of the plaintiff, Mary F. Fivecoat, to the amended cross-complaint of Justus Hall, Jr.; (3) the

court erred in overruling the demurrer of Justus Hall, Jr., to the amended cross-complaint of Ernest Beatty, Pearl Bottorff, Ruby Robertson, Opal Altemeyer, and Garnet Osmon.

Under assigned errors 1 and 2, the question presented for determination involves the right of an illegitimate child, as set out and distinguished in § 6-2309, Burns' 1933, § 3299, Baldwin's 1934, to inherit under the provisions of § 6-2302, Burns' 1933, § 3291, Baldwin's 1934, through his putative father from his putative grandfather, said grandfather having died intestate after said putative father, leaving surviving him no widow, child, parents, grandparents, brothers, sisters, or lineal issue or descendants of any such deceased named person, save and except such acknowledged illegitimate grandchild.

§ 6-2309, Burns' 1933, § 3299, Baldwin's 1934, reads as follows:

> "**Illegitimate child inheriting from father.**—The illegitimate child or children of any man dying intestate and having acknowledged such child or children during his lifetime as his own shall inherit his estate, both real and personal, and shall be deemed and taken to be the heir or heirs of such intestate in the same manner and to the same extent as if such child or children had been legitimate. Provided, That the testimony of the mother of such child or children shall in no case be received to establish the fact of such acknowledgment: And be it provided, That the provisions of this act shall not apply where the father of the illegitimate child, at his death, had surviving legitimate children or descendants of legitimate children. [Acts 1901, ch. 126, § 1, p. 288.]"

§ 6-2302, Burns' 1933, § 3291, Baldwin's 1934, reads as follows:

> "**Grandchildren.**—If any children of such intestate shall have died intestate, leaving a child or

children, such child or children shall inherit the share which would have descended to the father or mother; and grandchildren and more remote descendants and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule: Provided, That if the intestate shall have left, at his death, grandchildren only alive, they shall inherit equally. [1 R. S. 1852, ch. 27, § 2, p. 248.]"

It is contended by appellant, under the sections of the statute involved, that the acknowledgment by Bruce Hall of Justus Hall, Jr., as his illegitimate son not only made Justus Hall, Jr., an heir of his father, Bruce Hall, but constituted him an heir of Justice M. Hall, the father of Bruce Hall.

The present statutes of descent in Indiana cover the entire subject and provide for every conceivable circumstance; and one claiming the estate of a deceased person or any interest therein must, in order to establish his claim, point to some provision of the statute giving it to him. If appellant is entitled to take the estate of Justice M. Hall, deceased, he possesses such right, not as an heir of his father, but as an heir of the said Justice M. Hall, deceased; and unless the statute cited by appellant can be construed so as to constitute him an heir of his putative grandfather, Justice M. Hall, deceased, he must fail in his contention.

Section 6-2309, Burns' 1933, § 3299, Baldwin's 1934, does not attempt to create an heir of anyone except the putative father; and for the purpose of inheriting from his putative father, the illegitimate child shall, if there be no legitimate children, so inherit to the same extent as if he had been legitimate. This we think is the logical construction to be given this section of the statute.

It is contended by appellant, that the language used in said § 6-2309, Burns', *supra*: ". . . and shall be deemed and taken to be the heir or heirs of such intestate in the same manner and to the same extent as if such child or children had been legitimate. . . ." when construed in *pari materia* with § 6-2302, Burns', *supra*, which reads in part: ". . . if any children of such intestate shall have died intestate leaving a child or children, such child or children shall inherit the share which would have descended to the father or mother; . . ." it follows that Justus Hall, Jr., being an illegitimate son of Bruce Hall, who was a deceased son of the intestate, would inherit from said intestate.

The word "children," as used in § 6-2302, Burns', *supra*, refers to legitimate children only. As was said by the Supreme Court of Indiana in the case of *Truelove* v. *Truelove* (1909), 172 Ind. 441, 445, 86 N. E. 1018:

"It is a rule of construction that, *prima facie*, the words 'child,' 'children,' or other terms of kindred, when used either in a statute or will, mean legitimate child or children or kindred. (Citing cases.) When therefore the word 'child,' or 'children,' or 'brother,' or 'sister,' is used in the statute of descent, it must be held to mean legitimate child, children, brother or sister, unless the language of the statute clearly shows that it was used in a different sense."

We think it is evident that the language employed in § 6-2302, Burns', *supra*, indicates legitimate children. It is not our opinion that § 6-2309, Burns', *supra*, changed the status of an illegitimate child to that of a legitimate child.

In the case of *Wilson* v. *Bass* (1919), 70 Ind. App. 116, 124, 118 N. E. 379, this court said:

"It is argued in behalf of appellant that where an illegitimate child is acknowledged, under the

provisions of § 3000, *supra,* he becomes a legitimate child with full right of inheritance, in the absence of other legitimate children or their descendants, and hence that appellant in this case inherited from the mother of his putative father to the same extent that he would have inherited had he been born in lawful wedlock. We do not believe that the statute is reasonably susceptible of such a construction. The statute by its terms seems plainly to distinguish between an illegitimate and a legitimate child, extending to the former a right to inherit from the putative father only, under certain circumstances, in case of the absence of legitimate children. Thus, the language is to the effect that the illegitimate child of any man dying intestate shall inherit his estate to the same extent as if such child had been legitimate, provided that the act shall not apply where the father of the illegitimate at his death had surviving a legitimate child. A statute seems to recognize the illegitimate as illegitimate after acknowledgment."

Appellant cites the case of *Morin* v. *Holliday* (1906), 39 Ind. App. 201, 77 N. E. 861, to sustain his contention herein. The question involved therein was not a like question as arises herein; and that case is cited, discussed, and distinguished in the later opinion of this court in the case of *Wilson* v. *Bass, supra.*

It is our opinion that the trial court committed no error in the rulings on the demurrer of Justus Hall, Jr., to appellee Mary F. Fivecoat's second amended complaint or in sustaining the demurrer of Mary F. Fivecoat to the cross-complaint of Justus Hall, Jr.

The third error assigned questions the overruling of the demurrer of Justus Hall, Jr., to the amended cross-complaint of Ernest Beatty, et al. The allegations in the cross-complaint of Ernest Beatty et al. allege in substance the same facts as set

out in the second amended complaint of Mary F. Five-coat, except as to the relationship of said Mary F. Fivecoat and appellant, Justus Hall, Jr., to the decedent. The allegation therein relative to said Mary F. Fivecoat and appellant Justus Hall, Jr., is as follows:

"That said plaintiff, Mary F. Fivecoat, contends and claims that she is the sole heir of said decedent, Justice M. Hall, and claims that she is entitled to all of his said estate and all of said real estate; that said defendant, Justus Hall, Jr. contends and claims that he is the sole Heir of said decedent, Justice M. Hall, and claims that he is entitled to all of his said estate and all of said real estate."

This follows the general allegation that cross-complainants and Mary F. Fivecoat are entitled to take the entire surplus of the estate of the decedent remaining for distribution.

It is our opinion that the cross-complaint was sufficient to withstand the demurrer. It contains all the necessary allegations to show their title to inherit and merely states that appellant was claiming some interest therein.

Finding no reversible error, the judgment herein is affirmed.

NOTE.—Reported in 38 N. E. (2d) 905.