PHILLIPS *v.* TOWNSEND ET AL.

[No. 28,105. Filed October 9, 1945. Rehearing Denied November 7, 1945.]

*Chauncey W. Duncan* and *Kiplinger & Kiplinger,* all of Rushville, for appellant.

*David A. Myers* and *Tremain, Woodfill & Goddard,* all of Greensburg, for appellees.

RICHMAN, C. J.—This appeal presents a single question: May appellant, an illegitimate son, acknowledged by his father, inherit a share of the estate of the father's sister who survived the father? It was decided against appellant's claim in *Wilson* v. *Bass* (1919), 70 Ind. App. 116, 118 N. E. 379 (Transfer denied), and *Hall* v. *Fivecoat* (1942), 110 Ind. App. 704, 38 N. E. (2d) 905. These decisions are supported by the reasoning in *Jackson* v. *Hocke* (1908), 171 Ind. 371, 84 N. E. 830 and *Truelove* v. *Truelove* (1909), 172 Ind. 441, 86 N. E. 1018. We are satisfied with the conclusion reached in the two Appellate Court cases. It has become a rule of property under the doctrine of *stare decisis.* *Harrow* v. *Myers* (1868), 29 Ind. 469; *Dailey* v. *Pugh* (1921), 83 Ind. App. 431, 131 N. E. 836; *Stewart* v. *Wells* (1911), 47 Ind. App. 228, 94 N. E. 235. If the statutes of descent so construed are too harsh in the light of modern opinion concerning the rights of illegitimates the remedy is with the legislature.

Judgment affirmed.

Note.—Reported in 62 N. E. (2d) 860.