BLACKFORD *v.* BARNHILL ET AL.

[No. 17,772.  Filed February 17, 1949.  Transfer denied May 10, 1949.]

*Leonard Ashley,* of Boonville; and *Carl M. Gray,* and *Edward L. Waddle,* both of Petersburg, for appellant.

*Caleb J. Lindsey,* and *Leslie H. Hendrickson,* both of Boonville; and *Douglas H. McDonald* and *T. Morton McDonald,* both of Princeton, for appellees.

WILTROUT, J.—This action was brought by appellant to establish his right to inherit as an acknowledged illegitimate son of Claud Barnhill, deceased.

Claud Barnhill died intestate, and was survived by his widow, the appellee Catherine D. Barnhill; by an adopted son, the appellee Marcus Youngblood; and by an acknowledged illegitimate son, the appellant herein.

There was a trial by the court, and judgment rendered to the effect that appellant was not an heir at law of, and not entitled to inherit any part of the estate of Claud Barnhill; that the widow and adopted son were each entitled to an undivided one-half of the property and estate of the decedent.

The sole question presented is whether the survival of an adopted child cuts off the right of a duly acknowledged illegitimate child to inherit from the deceased father, who died intestate. Other questions are specifically waived by appellant.

Acts of 1901, ch. 126, § 1, p. 288 (§ 6-2309, Burns' 1933) provides:

> "The illegitimate child or children of any man dying intestate and having acknowledged such child or children during his lifetime as his own, shall inherit his estate, both real and personal, and shall be deemed and taken to be the heir or heirs of such intestate in the same manner and to the same extent as if such child or children had been legitimate. . . . *And be it further provided, that the provisions of this act shall not apply where the father of the illegitimate child, at his death, had surviving legitimate children or descendants of legitimate children.*" (Our emphasis).

The decision of this case turns upon the question as to whether a surviving adopted child is a surviving legitimate child within the meaning of this statute.

Appellant has pointed out the differences in the matter of inheritance by an adopted and a natural

legitimate child, and also as to the descent of property owned by them, and argues persuasively that the act of adoption did not make the adopted child the legitimate child of the adopting parent.

No Indiana case has been cited to us, and none has been found by the court, wherein the intestate was survived by both an adopted child and an acknowledged illegitimate child. The case of *Cooley* v. *Powers* (1916), 63 Ind. App. 59, 113 N. E. 382, involved the rights of the children of an acknowledged illegitimate child to inherit from the putative father, their grandfather, who was also survived by an adopted child. In that case the majority opinion stated:

> ". . . the point of contention presented by the appeal is whether the adopted child, appellee, was a legitimate child and rightfully entitled to inherit the estate of his adopting father as his heir, within the meaning of § 3000 Burns' 1914, Acts 1901, p. 288 . . ." (§ 6-2309, Burns' 1933, *supra*.)

In deciding this point of contention the majority opinion then stated:

> "Appellee, the adopted child, by virtue of his status must be regarded as a child *in the degree of a legitimate* child of his deceased adopting parent, and the effect of such adoption in view of the facts in this case was to cast succession upon him the same as if he had been a natural child." (Our emphasis).

It will be noted that the language used was not that the adopted child became a legitimate child, but that it was only a child "in the degree of a legitimate child."

As was pointed out by the concurring opinion of two judges, the question of the relative rights of an adopted child and an acknowledged illegitimate child was not actually before the court in the Cooley case:

"Nor do I deem it necessary in this case that the court should determine or decide what would be the relative rights of the adopted child and the illegitimate child under said sections of the statute. Such question is not necessarily involved in this appeal . . .

"The appellants are the children of the alleged illegitimate child of the decedent, William Powers, and as such are claiming the real estate in question under § 3000, *supra.* This section does not purport to confer any right on the descendants of illegitimate children."

The view as set forth in the concurring opinion, that the statute did not purport to confer any right on the descendants of illegitimate children, has been followed in later cases, *Phillips* v. *Townsend* (1945), 223 Ind. 561, 62 N. E. 2d 860, superseding 60 N. E. 2d 297; *Hall* v. *Fivecoat* (1942), 110 Ind. App. 704, 38 N. E. 2d 905; *Wilson* v. *Bass* (1918), 70 Ind. App. 116, 118 N. E. 379.

The statute on adoption in effect at the time of the adoption of the appellee, Marcus Youngblood, was similar to the present statute (Acts of 1943, ch. 40, p. 89; § 3-121, Burns' 1946 Replacement) in providing that the adopted child shall be entitled to and receive all rights and interests in the estate of such adopting father or mother by descent or otherwise which such child would be entitled to *if he had been the natural heir* of such adopting father or mother.

The adopted child, after adoption is still either the legitimate or illegitimate natural child of the parents to whom it was born and still has rights of inheritance from its natural parents. § 3-121, Burns' 1946 Replacement.

As is stated in II *Henry's Probate Law and Practice,* § 932:

"The statute gives to the adopted child
certain rights, and imposes on the adopting
parents certain obligations, but it does not
make it the legitimate child and issue of the adopting parents, or a child born to them."

See also *Davis* v. *Fogle* (1889), 124 Ind. 41, 46.

A distinction is to be noted between the legal effect of an adoption and that of legitimation. 1 Am. Jur., p. 622; § 6-2310, Burns' 1933.

In our opinion, in enacting § 6-2309, *supra,* in using the words "legitimate children," the legislature had in mind children of the blood only, that is, children begotten or born to the intestate in wedlock and those who may thereafter have been legitimated in accordance with statute, and the intent of the legislature was to provide for inheritance by acknowledged illegitimate children when there was a failure of legitimate children of the blood.

The adopted child and the acknowledged illegitimate child therefor stand on an equal footing as heirs of the decedent.

To the extent that the language used in the reasoning in the majority opinion in *Cooley* v. *Powers, supra,* conflicts with this opinion, the same is hereby overruled.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Martin, J., not participating.

NOTE.—Reported in 84 N. E. 2d 64.